## UNITED STATES *v.* SCHINDLER.

*(Circuit Court, S. D. New York.* June 11, 1880.)

1. **CRIMES—RETAINING PENSION MONEY—WHO LIABLE.**

   To be liable under section 5485 of the Revised Statutes for the crime of wrongfully withholding from a pensioner the whole or any part of the pension allowed, it is not necessary that the defendant is the regular attorney for the pension claimant, recognized as such at the pension office. If he be an agent or attorney, or any other person, it is sufficient.

2. **COMMISSIONER OF PENSIONS—FINDING CONCLUSIVE.**

   Where the commissioner of pensions had passed upon the claim, and found claimant to be entitled to the pension, and had directed it to be paid, such finding is conclusive as to the rights of the claimant.

3. **EVIDENCE—STATEMENTS OF WITNESS—CREDIBILITY.**

   Statement of a witness, made before trial, of facts which, if true, would tend to show bias on his part in favor of the defendant, are properly admissible in evidence as to his credibility.

4. **TESTIMONY OF PARTY TO RECORD—PRACTICE.**

   To exclude a party to the record as a witness for the defendant, not only must objection be made for incompetency, but such objection must be sustained by the court at the trial.

5. **WEIGHT OF EVIDENCE—PROVINCE OF JURY.**

   The jury, in weighing the testimony of the defendant when he stood contradicted by two witnesses, may consider the circumstance of the omission to call as a witness one who, as the evidence showed, was fully able to confirm his testimony, if it was true, without assigning any reason for such omission.

*Wm. P. Fiero,* Asst. Dist. Atty., for the United States.

*Stephen W. Fullerton,* for defendant.

Before BLATCHFORD, BENEDICT, and CHOATE, JJ.

BENEDICT, D. J. The defendant was indicted under section 5485 of the Revised Statutes of the United States, by which statute it is· made an offence for any agent or attorney, or any other person, instrumental in prosecuting any claim for a pension, to wrongfully withhold from a pensioner the whole or any part of the pension allowed and due such pensioner. Having been found guilty, he now moves for a new trial and an arrest of judgment, upon various grounds, which will be considered in the order of their presentation by the defendant.

It is first contended that the court erred at the trial in charging the jury that, upon the evidence, they would be justified in finding that the defendant was instrumental in the prosecution of the claim of Mrs. Rachel Helfrich to a pension, and also in declining to charge the jury that, if they believed the testimony of the defendant, they must find that the defendant was not instrumental in the prosecution of Mrs. Helfrich's claim. In this, we think, there was no error. The statute, plainly, is not intended to be confined to the regular attorney for the pension claimant, recognized as such at the pension office; for the language is, "any agent or attorney, or any other person." The testimony of the defendant, in regard to his connection with the claim of Mrs. Helfrich, sufficiently showed that he was instrumental in the prosecution of the claim, within the meaning of the statute. .

The next point taken is that error was committed at the trial in refusing to permit the defendant to show that Mrs. Helfrich, who had claimed the pension as the widowed mother of John Helfrich, was married to one Henry Peters some 16 years ago. Here, the argument is that the statute under which the defendant was indicted applies only to the withholding of a pension "allowed and due," and that no pension was due to Mrs. Helfrich if the fact be that she had married Henry Peters. But the evidence showed that the commissioner of pensions had passed upon Mrs. Helfrich's claim, had found her to be entitled to the pension, and had directed it to be paid to her by the name of Rachel Helfrich. This was conclusive of her right to the pension. The claim had been duly passed on by the officer authorized by law to determine the question of her right, and his finding was conclusive, as against the defendant, that the pension had been allowed and was due, within the meaning of the statute under

which the defendant was indicted. To hold otherwise would permit an agent to obtain the allowance of a pension upon the ground that it was due, and, when indicted for withholding the money from the pensioner, escape punishment upon the ground that it was not due.

The next question is raised by the objection of the defendant to the testimony of Mary Bryan, that John Wyman, a witness called by the defendant, had said in the presence of Mrs. Helfrich, and after asking if she intended to proceed in this case: "I do wish you would persuade her not to, because it will jug her just as well as it will us." This objection is pressed upon the ground that Wyman, upon inquiry by the prosecution, had denied making such a statement to Mary Bryan, and therefore it was error to permit his statement of a collateral fact to be contradicted. But the fact that Wyman, one of the defendant's witnesses, had requested Mrs. Bryan to persuade her mother not to proceed with her charge against the defendant, and the fact that such request was made in the presence of Mrs. Helfrich, accompanied by the statement that "it will jug her just as well as the rest of us," were not collateral facts. If true, they tended to show bias on the part of the witness, and a desire on his part to save the defendant from prosecution. They would have been admissible if no inquiry had first been made of Wyman in regard to them, and inquiry of and denial by him did not make them any less admissible. These facts, therefore, whether denied by Wyman or not, were properly admitted in evidence, for they went to the credibility of Wyman, the defendant's witness. The jury were charged that these facts were material in that aspect alone.

The only remaining point made relates to the charge of the court in respect to the defendant's failure to produce one Wendalin Smith as a witness. In order to a correct understanding of the question now to be considered, the circumstances under which it arose must be stated.

At the trial the decisive question was, whether at a certain time and place the pensioner, Mrs. Helfrich, received the whole of her pension money, or only the sum of $500.

The defendant, Schindler, testified that the pension check for $1,375, sent by the pension agent in a letter addressed to Mrs. Helfrich, was by him taken from the letter in the presence of one Wendalin Smith; that subsequently Mrs. Helfrich, at her house, indorsed the check in the presence of himself and Wendalin Smith; that he and Wendalin Smith then went together to Monticello to get the check cashed; that part of the money obtained on the check was carried by himself and

part by Wendalin Smith; that on the next day, at the house of Mrs. Helfrich, the whole was paid to her,—Wendalin Smith, as well as himself, being then present, and also Henry Peters.

Mrs. Helfrich swore that she never indorsed and never saw the pension check, and that when the money was paid to her she was told by Schindler that the amount of the pension allowed was $500, which sum and no more was paid to her.

Peters was called by the prosecution, and he confirmed Mrs. Helrich's statement. The testimony of Wendalin Smith became, therefore, of the utmost importance to Schindler, if his statement was true. Schindler called Smith's wife as a witness, but omitted to call Smith, and without assigning any reason for the omission. The district attorney, in summing up to the jury, called attention to the fact that the defendant had omitted to call Wendalin Smith, and the court, in charging the jury, said:

"One man was there who is absent from the trial, and that is Wendalin Smith; and it is my duty to call your attention to that feature in the case. The failure to call Smith as a witness is an important feature in the case. It is for you to say whether the failure to call him is consistent with the statement of the accused, in view of the evidence in regard to Smith's connection with the affair; his presence with the accused at the house of Mrs. Helfrich on former occasions; his presence when the letter containing the check was opened; his going to Monticello; his custody of the silver; and the other circumstances narrated by the witnesses."

At the close of the charge, the defendant's counsel excepted to the foregoing part of the charge, and requested the judge to charge that no inference is to be drawn against the defendant because of the non-production of said Smith as a witness; which request was refused and the defendant duly excepted to such refusal. The validity of these two exceptions is now to be considered.

It is said that error was committed in charging as above quoted, and in refusing to charge as above requested, because Wendalin Smith was not a competent witness for the defendant, for the reason that he was jointly indicted with the defendant for the alleged offence. This argument wrongly assumes that the fact disclosed by the indictment, namely, that Smith was a party to the record, rendered it impossible for the defendant to present Smith's testimony to the jury. Manifestly, no such assumption can be permitted. It cannot be held to be a legal impossibility to swear a party to the record as a witness for the defendant. To exclude a party to the records from being a witness, it is necessary that objection be made. In the absence of

objection a party may always be sworn. In this case, for all that appears, no objection would have been made to swearing Smith. Indeed, the district attorney waived this objection when he pressed upon the jury that the defendant had not asked to have Smith sworn. Still further, to render it impossible for the defendant to present Smith's testimony to the jury, not only must objection have been made, but the objection must have been sustained by the court at the trial. There was no such ruling at the trial. Smith was not offered as a witness. Necessarily, the objection that he was a party to the record was not made ; consequently, there could have been no ruling that he was incompetent, nor can the presumption be now made that Smith would have been held to be incompetent if he had been offered, and in this way foundation be laid for the proposition that it was impossible for the defendant to present Smith's testimony to the jury.

So far as is known, no adjudged case has declared that, on the trial of an indictment in a federal court, held within the state of New York, a party to the record, who is not a party to the trial, is an incompetent witness; and it cannot now be surmised that if the objection had been taken to Smith upon this ground, at the trial, he would have been excluded, and such surmise be made the foundation for an application for a new trial. Moreover, the minutes show that upon the trial the competency of Smith as a witness for the defendant was assumed by the prosecution and the court, and also by the counsel for the defendant. For, in the summing up, the district attorney pressed upon the jury the fact that the defendant had not called Smith, and, in charging the jury, the court used the language quoted, without eliciting a suggestion in behalf of the defendant that Smith was incompetent. Furthermore, it was strongly implied, in that portion of the charge already quoted, that Smith was competent as a witness for the defendant. If it was intended in behalf of the defendant to make a point based upon the incompetency of Smith, this implication in the charge should have been made the subject of an objection to the charge taken at the time, and in such a form as to call the court's attention to the implication, and that it was complained of by the defendant. The general objection wholly failed to do this, and, doubtless, because the incompetency of Smith was not then thought of. Any other supposition would impute to the counsel for the defendant an intention to conceal from the court the point of his objection and the reason of his request. But the implication in the charge that Smith was competent as a witness for the defendant was a ruling in favor of the defendant, and certainly, in the absence

of an objection made upon that ground, it is not now open to the defendant to contend that the circumstance that Smith was a party to the record rendered it impossible for the defendant to present Smith's testimony to the jury. The defendant's present position, in asking for a new trial upon the ground that the incompetency of Smith entitled him to have the jury charged as requested, is, in legal effect, the same as if, at the trial, he had offered Smith as a witness, and the court having, upon his request, ruled Smith to be competent, he was seeking a new trial because that ruling was wrong. Such a position is wholly untenable. As the case stood at the trial, it is plain to see that Smith would have been sworn if the defendant had offered to swear him, and therefore the question whether it be error to permit a jury to draw an inference unfavorable to the defendant, from his omission to call as a witness a person who could not be sworn in his behalf, which is the question that has been pressed upon this application, was not raised by the objection to the charge, or by the request to charge, and could not have been then raised. The only question which then arose was whether the jury, in weighing the testimony of the defendant, when he stood contradicted by two witnesses, had the right to consider the circumstance that he had omitted to call as a witness one who, as the evidence showed, was fully able to confirm his testimony if it was true, and whose interest was identical with that of the defendant, without assigning any reason for the omission; it being incumbent on the defendant, in view of the evidence as to Smith to show that he was not accessible. As to the correctness of the ruling upon that question there appears no room for a reasonable doubt. The jury were not instructed that they were bound to draw an inference unfavorable to the defendant from the omission to call Smith, nor was the weight to be given to this circumstance made the subject of a suggestion to the jury. The fact of the omission was simply called to their attention, and it was left to the jury to attach to it such weight as they might deem it entitled to, under the circumstances. In this there was no error.

The motion is denied.

See *U. S.* v. *Connally*, 1 FED. REP. 779.