## CALHOUN v. LANGE et al.
### No. 1152.

District Court, D. Maryland.

Aug. 6, 1941.

Joseph Kolodny, of Baltimore, Md., for plaintiff.

Robert R. Bowie, of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The complaint in this case is filed under the federal Declaratory Judgment Act, 28 U.S.C.A. § 400. The plaintiff is a resident and citizen of the District of Columbia, and the defendant is a resident and citizen of the State of Maryland. The plaintiff's objective is to obtain a declaratory judgment that she is the surviving widow of one James Edward Calhoun, a deceased veteran; and in consequence thereof the plaintiff seeks also an accounting from the defendant for the moneys received by the latter as the alleged widow of James Edward Calhoun under a determination by the Veterans' Administration awarding the defendant a *pension* as an unremarried widow of the said James Edward Calhoun.

The plaintiff further alleges, as the basis of her claim that she is the unmarried widow of James Edward Calhoun, that she was married to him in New York City on July 24, 1919; that subsequently in 1921 she filed in a New York court of competent jurisdiction a petition for the annulment of her marriage on which, on April 22, 1921, an interlocutory decree was granted to her which, however, it is alleged never became final and effective under the laws of the State of New York because no final decree was entered thereon as required under the laws of that State; that thereafter the plaintiff and her alleged husband continued to live together as husband and wife but nevertheless the said defendant, Rose B. Lange, went "through a marriage ceremony with James Edward Calhoun on June 3, 1922 at Elkton, Maryland", after which the said Calhoun at times lived with the plaintiff as his wife, and at other times lived with the defendant. It is further alleged that during the year 1933 the said James Edward Calhoun filed an application for a pension (as a Spanish War Veteran) and in 1934 was rated as mentally incompetent, whereupon the defendant was appointed as guardian and received from the Veterans' Administration certain moneys paid to her for the benefit of James Edward Calhoun, who died March 27, 1937; and thereafter the defendant made application for a widow's pension and in that capacity has received payments from the Government in the amount of more than $3,500.

The defendant has filed a motion to dismiss the complaint on the ground of lack of jurisdiction because (a) the controversy relates to a claim for a pension and (b) the amount in controversy is less than $3,000 (not exceeding $1,500). It also appears from the complaint that the jurisdiction of the court is based only on diverse citizenship under 28 U.S.C.A. § 41(1), the plaintiff being a resident and citizen of the District of Columbia and the defendant a resident and citizen of the State of Maryland. It is therefore argued that there is no sufficient diversity of citizenship, on the ground that the Act of Congress of April 20, 1940, c. 117, 54 Stat. 143, amending 28 U.S.C.A. § 41(1), by extending diversity of citizenship to include civil suits between citizens of States and citizens of the District of Columbia, is beyond the power of Congress under the Constitution, Art. III, § 2. I find it unnecessary, however, to decide the constitutional question thus presented because I have reached the conclusion that the complaint must be dismissed on the other jurisdictional grounds.

The primary object of the complaint is to determine the status of the plaintiff as widow of James Edward Calhoun. Apart from the claim for an accounting which nominally at least involves a controversy of an alleged ascertainable money value, it is clear enough that the court would not have jurisdiction in the case even though involving diversity of citizenship, because the subject matter is whether the plaintiff was validly and effectively divorced from James Edward Calhoun under the laws of New York State. Federal courts have uniformly disclaimed jurisdiction over suits for divorce or for the allowance of alimony (other than alimony previously accrued as a debt under orders of

other courts of competent jurisdiction). Barber v. Barber, 21 How. 582, 16 L.Ed. 226; State ex rel. Popovici v. Agler, 280 U.S. 379, 383, 50 S.Ct. 154, 155, 74 L.Ed. 489, where Mr. Justice Holmes said: "It has been understood that, 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States,' Ex parte Burrus, 136 U.S. 586, 593, 594, 10 S.Ct. 850, 853, 34 L.Ed. 1500, and the jurisdiction of the Courts of the United States over divorces and alimony always has been denied. Barber v. Barber, 21 How. 582, 16 L.Ed. 226; Simms v. Simms, 175 U.S. 162, 167, 20 S.Ct. 58, 44 L.Ed. 115; De La Rama v. De La Rama, 201 U. S. 303, 307, 26 S.Ct. 485, 50 L.Ed. 765."

■ To sustain the jurisdiction it is therefore necessary for the plaintiff to show, as a necessary incident to her alleged status, that "the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000." 28 U.S.C.A. § 41(1); Hague v. C. I. O. 307 U.S. 496, 507, 59 S.Ct. 954, 83 L.Ed. 1423; Barry v. Mercein, 5 How. 103, 46 U.S. 103, 12 L. Ed. 70; Kurtz v. Moffitt, 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed. 458; Barber v. Barber, 21 How. 582, 16 L.Ed. 226; In re Red Cross Line, D.C., 277 F. 853; Rose on Federal Jurisdiction and Procedure, 5th Ed., 214. It is true the complaint alleges that the defendant has received more than $3,000 on account of the pension payments; but this is denied in the affidavit accompanying the motion to dismiss, in which it is stated that the amounts heretofore received by the defendant do not exceed $1,500. It was suggested, as a matter of proper procedure, that the averment of the affidavit in this respect was not sufficient to put in issue in a summary way the contrary averment of the complaint; or, in other words, that as "speaking demurrers" were not permitted before the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, so also "speaking motions," even on jurisdictional points, are not now permissible. There is very recent persuasive authority to the contrary. Central Mexico L. & P. Co. v. Munch, 2 Cir., 116 F.2d 85, 87; Moore's Fed.Practice, Vol. I, pp. 645–647. See, also, Hague v. C. I. O., 307 U.S. 496, 507, 508, 59 S.Ct. 954, 83 L.Ed. 1423; McNutt v. General Motors A.C., 298 U.S. 178, 189,

56 S.Ct. 780, 80 L.Ed. 1135; KVOS Inc., v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183. And I do not understand that the plaintiff's counsel stands on the procedural point, because he frankly conceded that the allegation in the complaint that the amount received by the defendant was more than $3,500 was based on mistaken information, and that the defendant's statement that the amount did not exceed $1,500 was now found to be correct.

■ Nevertheless counsel for the plaintiff contends that the amount in controversy is more than $3,000, because if her status as widow is established she will be entitled to further pension payments, the present reasonably anticipated value of which exceeds $3,000. The basis for the computation to that effect does not appear in the complaint but has been stated in plaintiff's memorandum and is not contradicted by the defendant's counsel. Assuming that fact, which could readily be supplied by amendment, I still do not think that it sufficiently appears that the controversy legally exceeds $3,000 in amount. It does not clearly appear from the complaint on what legal basis the plaintiff could properly recover even $1,500 from the defendant as the payments were made to the latter by the Veterans' Administration on account of pension money awarded to her. Certainly the court could not require the defendant to pay to the plaintiff more than $1,500; and any further sums which the plaintiff might obtain by virtue of a declaratory judgment would be purely incidental, consequential and collateral, and therefore not properly to be considered in relation to the smaller sum now actually in controversy. New England Mortgage Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646; Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117; Mutual Life Ins. Co. v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726; Berlin v. Travelers Ins. Co., D.C.Md., 18 F.Supp. 126; Mutual Life Ins. Co. v. Moyle, 4 Cir., 116 F.2d 434. The case is not analogous to a suit for the cancellation of an insurance policy for more than $3,000 where the validity and integrity of the policy as a whole is involved. Bell v. Philadelphia L. I. Co., 4 Cir., 78 F.2d 322, 323. And on like reasoning Brotherhood v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L. Ed. 219, and Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347, are distinguishable, as explained by Judge

Parker in Mutual Life Ins. Co. v. Moyle, supra, 116 F.2d at page 436.

Moreover, the consequential effect which the plaintiff sets up in this case, relates to the administration of the pension laws by the Veterans' Administration. It is not contended that this court has jurisdiction to supervise or reverse or in any way control the award of a pension by the tribunals of the Veterans' Administration. 28 U.S.C.A. § 41(20) expressly provides: "nothing in this paragraph shall be construed as giving to either the district courts or the Court of Claims jurisdiction * * * to hear and determine claims for pensions."

And it has long been held by the federal courts that they have no jurisdiction to review the decisions of the administrative officers in charge of pensions, either directly or indirectly. United States ex rel. Dunlap v. Black, 128 U.S. 40, 9 S.Ct. 12, 32 L.Ed. 354; Decatur v. Paulding, 14 Pet. 497, 10 L.Ed. 559, 609; United States v. Schindler, C.C., 10 F. 547; United States v. Scott, C.C., 25 F. 470, 471; Corkum v. Clark, 263 Mass. 378, 161 N.E. 912 (a case quite similar on the facts, though not as to jurisdiction); 48 C.J. 791.

I conclude therefore that the complaint must be dismissed with taxable court costs allowed to the defendant. Counsel may present the appropriate order in due course.