## BERCOVITCH v. TANBURN.

United States District Court
S. D. New York.
March 7, 1952.

Robert Moers, New York City, for plaintiff.

Stone & Feller, New York City, Leo H. Hirsch, Jr., New York City, of counsel, for defendant.

McGOHEY, District Judge.

This is a motion to dismiss the action for want of jurisdiction over the subject matter. Plaintiff, a citizen of Canada, is the mother-in-law of defendant, a citizen of New York. She brings this action to recover monies expended for claimed necessaries she allegedly provided her daughter, defendant's wife.

The motion is grounded upon the contention that this action involves domestic relations, a subject not within the jurisdiction of this court. I agree.

The general principle is clear that "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."[1] United States courts, it is true, have not hesitated to take jurisdiction over an action to enforce support provisions of decrees of divorce or separation,[2] but those cases are distinguishable from this one. They are based upon obligations which have been fixed by a State court. Here the court is asked to fix the husband's obligation. Such a determination turns squarely upon findings respecting the relations between him and his wife. The complaint alleges inter alia that defendant and plaintiff's daughter are husband and wife; that the wife has in all respects fulfilled her marital obligations; that defendant did not fulfill his, in that he abandoned his wife, treated her

1. In re Burrus, 136 U.S. 586, 593-594, 10 S.Ct. 850, 853, 34 L.Ed. 500; See Williams v. North Carolina, 325 U.S. 226, 232-233, 237, 65 S.Ct. 1092, 89 L. Ed. 1577.

2. See Sutton v. Leib, 72 S.Ct. 398.

cruelly and inhumanly, failed adequately to provide for her and their daughter and that he consorted with other women. The issues thus directly tendered seem to me to be clearly in the area of domestic relations which "belongs * * * not to the laws of the United States."[3]

The motion is accordingly granted. Settle order.