### DAVIS v. LEACH et al.
### Civ. A. No. 2562.

United States District Court
E. D. Texas, Beaumont Division.
May 8, 1954.

R. F. King, Hemphill, Tex., for plaintiff.

O'Neal Bacon, Newton, Tex., for defendants C. C. Leach and wife, Beatrice Leach.

Nathan M. Holt, pro se.

SHEEHY, District Judge.

The defendants, C. C. Leach and wife, Beatrice Leach, have filed a motion for summary judgment. The plaintiff has likewise moved for a summary judgment.

Plaintiff's original complaint is very poorly drawn, but, after wading through the complaint and giving the plaintiff the benefit of all doubts as to the allegations contained therein and the effect thereof, it can be fairly said that plaintiff alleges as follows: That he is a resident and citizen of the State of Louisiana and is the sole surviving heir-at-law of Mollie Hoyle, who died intestate; that the defendants, and each of

them, are residents and citizens of the State of Texas; that as the sole surviving heir of Mollie Hoyle, deceased, he is the owner in fee simple title of a 97¼ acre tract of land in the A. M. Bevill League Survey in Newton County, Texas, being the same land described in a deed from A. L. McGown to Mollie Hoyle, dated December 26, 1929 and recorded in Volume 8, Page 150 of the Deed Records of Newton County, Texas; that the fair cash market value of said land is $10,000 and is the same land described in plaintiff's first amended original petition filed in the District Court of Newton County, Texas, on August 17, 1951 in Cause No. 4078 on the docket of said court and in which cause Mollie Hoyle was plaintiff and C. C. Leach and wife, Beatrice Leach, two of the defendants herein, were defendants, a copy of said first amended original petition being attached to plaintiff's complaint herein and made a part thereof; that on November 23, 1948 Mollie Hoyle executed and delivered to Mrs. C. C. Leach (who is one and the same person as Beatrice Leach, one of the defendants herein) a warranty deed conveying to Mrs. C. C. Leach the 97¼ acre tract of land, above referred to; that said deed was obtained by Mrs. Leach by reason of fraud, deceit and duress exercised by Mrs. Leach and her husband, C. C. Leach; that subsequent to the execution and delivery of said deed, as aforesaid, Mollie Hoyle, acting by and through her attorney, Nathan M. Holt, one of the defendants herein, instituted suit in the District Court of Newton County, Texas, against C. C. Leach and wife, Beatrice Leach, seeking to recover title to and possession of the 97¼ acre tract of land, above referred to, and to cancel and set aside the deed from Mollie Hoyle to Mrs. C. C. Leach, dated November 23, 1948, above referred to, which suit bore Cause No. 4078 on the docket of the District Court of Newton County, Texas, and is the same suit in the District Court of Newton County, Texas, above referred to; that on September 6, 1951 judgment was entered in said Cause No. 4078 in the District Court of Newton County, Texas, vesting title in and to the 97¼ acre tract of land, above referred to, in C. C. Leach and wife, Beatrice Leach; that said judgment was entered upon the agreement of Mollie Hoyle's attorney, Nathan M. Holt, and without the knowledge and consent of Mollie Hoyle and that Nathan M. Holt was without authority to agree to the entry of said judgment; that the defendants, C. C. Leach and wife, Beatrice Leach, are claiming and asserting title to and right of possession of the 97¼ acre tract, above referred to, under and by virtue of the deed from Mollie Hoyle to Mrs. C. C. Leach, above referred to, and the judgment entered in Cause No. 4078 in the District Court of Newton County, Texas, on September 6, 1951, above referred to; and that jurisdiction of this court is based on the diversity of citizenship between the plaintiff and the defendants and on the Seventh and Fourteenth Amendments to the Constitution of the United States.

Plaintiff in his complaint, in the alternative, pleads for judgment for the $1,500 consideration which was promised Mollie Hoyle if she would make a will to defendant Mrs. C. C. (Beatrice) Leach. However, there are no allegations that would show or tend to show who promised any such $1,500, under what conditions or circumstances same was promised and whether Mollie Hoyle made a will to Mrs. Leach or, if so, the terms and provisions of said will. These allegations state no cause of action against the defendants, or any of them, and will be given no further consideration.

In the prayer of the complaint plaintiff asks judgment for the title to and possession of the above mentioned 97¼ acre tract of land; for damages from defendants because of their withholding said land unlawfully from him; for lease rentals, bonuses, rentals and all mesne profits accruing from said land since November 23, 1948; the cancellation of the deed from Mollie Hoyle to

Mrs. C. C. Leach, dated November 23, 1948, above referred to; and that the judgment entered in the District Court of Newton County, Texas, on September 6, 1951 in Cause No. 4078 on the docket of that court be set aside.

There is no allegation of fact contained in plaintiff's complaint that would show that this court has jurisdiction of this cause under either the Seventh or Fourteenth Amendments of the Constitution of the United States. However, this court does have jurisdiction of this cause under the provisions of Title 28, Sec. 1332, U.S.C.A. because of the diversity of citizenship of the parties.

The defendants, Leach and wife, as the basis for their motion for summary judgment contend that the judgment entered in the District Court of Newton County, Texas, on September 6, 1951 in Cause No. 4078 on the docket of said court, which Cause No. 4078 will be hereinafter referred to as the State Case, bars the bringing or prosecution of this action against them under the doctrine of res judicata. In other words, it is the contention of Leach and wife that title to the land in controversy herein and the validity of the deed from Mollie Hoyle to Mrs. C. C. Leach, which the plaintiff seeks to set aside herein, was adjudicated by the judgment entered on September 6, 1951 in the State Case.

The record in this case discloses in addition to the allegations contained in plaintiff's complaint, above summarized, the following pertinent facts: The state court suit was instituted by Mollie Hoyle through her attorney of record, Nathan M. Holt, on April 27, 1951; that on August 17, 1951 Mollie Hoyle, acting through her attorney of record, filed her first amended original petition in the state court and in addition to the allegations in the nature of a formal trespass to try title action pleaded further in the alternative that C. C. Leach and wife, Beatrice Leach, had a deed to the land in question from Mollie Hoyle, being the same deed above described as the deed, dated November 23, 1948, from

Mollie Hoyle to Mrs. C. C. Leach, and alleged that said deed was obtained from Mollie Hoyle by C. C. Leach and wife through fraud and duress, the claimed acts of fraud and duress having been alleged in detail, and sought to recover of and from C. C. Leach and wife the title to and possession of the 97¼ acre tract of land in controversy herein and further sought cancellation of said deed from Mollie Hoyle to Mrs. C. C. Leach, above referred to; that on September 6, 1951 judgment was entered in the State Case, which recited, in effect, that the plaintiff, Mollie Hoyle, and the defendants, C. C. Leach and wife, Beatrice Leach, appeared personally and by their attorneys and agreed that the judgment that was entered might be entered; that the judgment entered provided that C. C. Leach and wife, Beatrice Leach, recover of and from Mollie Hoyle title to and possession of the 97¼ acre tract of land subject to Mollie Hoyle having for and during her natural life possession and use of said tract of land and the appurtenances thereto; that on October 5, 1951 Mollie Hoyle filed in the State Case an instrument denominated "Motion to Set Aside Judgment and for Trial on the Merits", which instrument was signed by R. F. King (attorney for plaintiff herein) as her attorney; that this motion was overruled by the State District Court as having been filed too late; that thereafter Mollie Hoyle, acting through her attorney, R. F. King, attempted to appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas from the judgment entered on September 6, 1951, above referred to; that the Court of Civil Appeals, by a per curiam opinion handed down on March 26, 1951 (the opinion is not published as the Court of Civil Appeals pursuant to the authority vested in it by Rule 452, Texas Rules of Civil Procedure, directed that such opinion be not published) held that the notice of appeal given by Mollie Hoyle and the filing of the transcript of the record in the State Court in the Court of Civil Appeals had neither been done within the time prescribed by the Texas

Rules of Civil Procedure and, therefore, the Court of Civil Appeals was without jurisdiction to hear the appeal and that the appeal should be dismissed for want of jurisdiction; that in the course of its opinion the Court of Civil Appeals pointed out that the judgment entered in the State Case on September 6, 1951 had become final and further pointed out that if Mollie Hoyle had grounds for setting aside the judgment entered in the State Case, she could file a new suit as a Bill of Review to set aside the state court judgment; that subsequent to the decision of the Court of Civil Appeals, above referred to, Mollie Hoyle made application for Writ of Error to the Supreme Court of Texas in accordance with the Texas procedure; that on June 3, 1953 the Supreme Court of Texas denied the application for Writ of Error and on June 30, 1953 denied Mollie Hoyle's motion for rehearing on the application for Writ of Error; and that on July 2, 1953 the said Court of Civil Appeals issued its mandate to the District Court of Newton County, Texas, reflecting its action in dismissing Mollie Hoyle's appeal from the judgment in the state court, above referred to.

Although plaintiff alleges in his complaint herein that he and his deceased sister, Mollie Hoyle, have exercised due diligence in the courts of Texas to have both the deed and the judgment herein complained of set aside, there is no allegation or showing that either Mollie Hoyle during her lifetime or this plaintiff subsequent to her death instituted any suit in any court of the State of Texas to set aside the judgment entered in the State Case notwithstanding the fact that under the jurisprudence of Texas plaintiff has four years from the date the judgment was entered or the fraud was discovered, if the judgment was obtained by fraud, within which to institute suit in the District Court of Newton County, Texas, to set aside the judgment.[1]

It is the settled law in Texas that where a judgment has become final and is not void, relief against such judgment can be obtained only in an independent suit brought in the court which rendered the judgment.[2] Such a suit is in the nature of a Bill of Review and is to be determined under the equity power of the court.[3] The judgment in the State Case here in question is a final judgment and is one that is not void on its face. The District Court of Newton County, Texas, the court in which the judgment was rendered, is a court of competent jurisdiction and unquestionably had jurisdiction over the parties to and the subject matter of the State Case.

For the purpose of disposing of the motions here under consideration we will consider this action insofar as same seeks to set aside the judgment in the State Case as an independent suit to set aside said judgment. With that consideration we are then confronted with the question as to whether this court has jurisdiction of the action to set aside the said judgment.

As above pointed out, under the law of Texas a suit to set aside a judgment must be brought in the court in which it was rendered. We are not here confronted with a case in which the jurisdiction of a Federal court is invoked to enjoin the enforcement of a judgment of a state court that was fraudulently obtained. In the instant case this plaintiff is seeking to set aside a final judgment of a Texas court rendered by a Texas court of competent jurisdiction in a case in which the Texas court unquestionably had jurisdiction over both the parties and the subject matter of the suit. In other words, the plaintiff is seeking in this court relief that under the settled law of Texas he

1. Article 5529 Revised Civil Statutes of Texas and Levy v. Roper, 113 Tex. 356, 256 S.W. 251.

2. Carey v. Looney, 113 Tex. 93, 251 S.W.

1040; Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377.

3. 25 Tex.Jur., p. 586, Sec. 185.

could seek only in the court that rendered the judgment complained of. This he cannot do. It seems to be well settled that a Federal court lacks jurisdiction to vacate or set aside judgments or decrees of state courts when said judgments were rendered by courts of competent jurisdiction and in cases in which the court rendering the judgment had jurisdiction over the parties as well as jurisdiction over the subject matter.[4]

Having concluded that this court lacks jurisdiction to vacate or set aside the judgment in the State Case in question, we now pass to a consideration of whether that judgment bars plaintiff's action herein for title to and possession of the 97¼ acre tract of land and the setting aside of the deed from Mollie Hoyle to Mrs. C. C. Leach, above referred to.

■ Even though the judgment in question on its face shows that it was entered on an agreement or stipulation, it is as much on the merits and as conclusive as a judgment rendered after contest.[5]

■ The doctrine of res judicata has long been recognized and applied in not only the courts of Texas but in the Federal courts. The Supreme Court of the United States in a leading case [6] has outlined the essential elements of the rule in the following terms:

"A question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action."

The rule has been similarly stated by the courts of Texas.[7]

In the State Case there was squarely put in issue between Mollie Hoyle, the plaintiff in that case, and C. C. Leach and wife, Beatrice Leach, the defendants in that case and who are two of the defendants in this case, the title to the 97¼ acre tract of land involved in the instant case as well as the validity of the deed from Mollie Hoyle to Mrs. C. C. Leach, dated November 23, 1948. The judgment in the State Case determined that title to the 97¼ acre tract of land was vested in C. C. Leach and wife, Beatrice Leach, which determination necessarily carried with it a determination that the deed from Mollie Hoyle to Mrs. C. C. Leach, above referred to, was a valid and binding conveyance. The cause of action herein asserted by the plaintiff, with the exception of that part of his cause of action which seeks cancellation of the judgment entered in the State Case, is identical with the cause of action asserted by Mollie Hoyle in the State Case in that in this case the plaintiff seeks to recover title to and possession of the identical 97¼ acre tract involved in the State Case and seeks to cancel the identical deed that was sought to be cancelled in the State Case. C. C. Leach and wife, Beatrice Leach, were defendants in the State Case and are likewise defendants in this case. Although Mollie Hoyle was a party plaintiff in the State Case she is now dead and is not a party to this case, but the plaintiff in this case is asserting title to the 97¼ acre tract of land herein involved as the sole heir-at-law of Mollie Hoyle, and, therefore, he is in privity with Mollie Hoyle. That being the situation we have here present

---

4. Nougue v. Clapp, 101 U.S. 551, 25 L.Ed. 1026; Randall v. Howard, 2 Black 585, 67 U.S. 585, 17 L.Ed. 269; McCormick v. East Coast Enterprises, Inc., 5 Cir., 57 F.2d 859; Jones v. Medlock, 10 Cir., 180 F.2d 658; Moffett v. Robbins, 10 Cir., 81 F.2d 431; Folk v. Monsell, 10 Cir., 71 F.2d 816.

5. 26 Tex.Jur., p. 103, Sec. 401.

6. State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831.

7. Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039; Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97.

all of the essentials necessary to the application of the doctrine of res judicata and it necessarily follows that that doctrine is here applicable and the plaintiff is barred from bringing this action to recover title to the 97¼ acre tract of land in question and to cancel the deed from Mollie Hoyle to Mrs. C. C. Leach, above referred to.

Plaintiff's motion for summary judgment will be overruled and the motion of C. C. Leach and wife, Beatrice Leach, for summary judgment will be in all things granted.

In view of the rulings herein announced, it appears from the record in this case that there could be no recovery herein as a matter of law by plaintiff from the defendant, Nathan M. Holt, therefore, this suit will be dismissed as to the defendant, Nathan M. Holt.

The attorneys for C. C. Leach and wife, Beatrice Leach, should present an appropriate form of order for signing and entry.