**Neita M. MANARY, Plaintiff,**

v.

**Roland M. MANARY, Defendant.**

Civ. No. 7443.

United States District Court
N. D. California,
Northern Division.

April 23, 1957.

Harry A. Hammond, Yreka, Cal., for plaintiff.

L. N. Lorenzen, Mount Shasta, Cal., for defendant.

HALBERT, District Judge.

Plaintiff, a citizen of the State of Oregon, has filed with this Court a complaint in which she seeks to assert three causes of action against defendant, her ex-husband, a citizen of the State of California. It appears from the complaint that plaintiff obtained an interlocutory decree of divorce from defendant in the Superior Court of the State of California, in and for the County of Siskiyou, on February 6, 1956, and that said Court approved a property settlement agreement entered into by the parties and incorporated it in the interlocutory decree of divorce granted the plaintiff in said divorce action.

In the first cause of action set forth in the complaint in this case, plaintiff alleges that defendant falsely and fraudulently concealed community assets, and made certain false and fraudulent misrepresentations, which plaintiff believed to be true at the time the property settlement agreement was executed and incorporated in the divorce decree. By her first cause of action plaintiff seeks: (1) to have this Court annul, vacate and set aside the property settlement agreement entered into by the parties and

that portion of the Siskiyou County divorce decree which incorporates in said decree the property settlement agreement, on the ground that the agreement and that portion of the decree last mentioned was entered as the result of defendant's fraud, and (2) award all of the community property of the parties to the plaintiff.

By the second cause of action set forth in the complaint on file in this case, plaintiff seeks a decree by this Court awarding her $350 a month for her support and maintenance.

In the third cause of action set forth in the complaint on file in this case, plaintiff alleges that in a transaction commencing prior to and concluding contemporaneous with the execution of the property settlement agreement, defendant orally agreed to pay her the sum of $15,000, of which the sum of $14,550 is now due, owing and unpaid. By her third cause of action, plaintiff seeks a judgment of this Court against defendant for this latter amount.

Defendant has interposed a motion to dismiss all three causes of action sought to be set forth in plaintiff's complaint on the ground that this Court lacks jurisdiction of the subject matter of these asserted causes of action.

⸱⸱ [1–3] While a federal court in a diversity case may, under certain circumstances, enjoin the enforcement of a state court judgment obtained by fraud,[1] it has no power to annul, set aside, or vacate a state court judgment, even if obtained by fraud, where the said state court has jurisdiction of the parties and the subject matter of the action, and the state provides a remedy for the aggrieved party.[2] It is abundantly clear that the courts of the State of California can and will, in a proper case, set aside a decree of divorce obtained by fraud, and this is true even when a property settlement, thus obtained, has been incorporated in the decree (Jorgensen v. Jorgensen, 32 Cal.2d 13, 193 P.2d 728). Hence, even though this Court may have diversity jurisdiction in this case, it has no power to afford plaintiff the relief she seeks by her first cause of action. Accordingly, defendant's motion to dismiss the first cause of action sought to be set forth in plaintiff's complaint must be granted.

For reasons inherent in our system of federalism, it has become a well established rule that the federal district courts have no jurisdiction in the field of domestic relations.[3] And, although in a diversity case a federal court may enforce an award of alimony or support payments granted by a state court (Barber v. Barber, 21 How. 582, 16 L.Ed. 226; Sutton v. Leib, 342 U.S. 402, 72 S.Ct. 398, 96 L.Ed. 448.), it has no power to grant such an award in an original proceeding.[4] Since plaintiff by her second cause of action seeks to obtain from this Court an original adjudication of her right to support and maintenance, the second cause of action

1. Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870; Simon v. Southern R. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205; and cf.: Title 28 U.S.C.A. § 2283.

2. Nougue v. Clapp, 101 U.S. 551, 25 L.Ed. 1026; Graham v. Boston, Hartford, & E. R. Co., 118 U.S. 161, 6 S.Ct. 1009, 30 L.Ed. 196; Folk v. Monsell, 10 Cir., 71 F.2d 816; Daniels v. Thomas, 10 Cir., 225 F.2d 795, certiorari denied 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815; Broussard v. Southern Cotton Oil Co., D.C., 117 F.Supp. 81; and Davis v. Leach, D.C., 121 F.Supp. 58.

3. Barber v. Barber, 21 How. 582, 16 L.Ed. 226; Ex Parte Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500; Simms v. Simms, 175 U.S. 162, 20 S.Ct. 58, 66 L.Ed. 115; De La Rama v. De La Rama, 201 U.S. 303, 20 S.Ct. 485, 50 L.Ed. 765; State of Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489; Williams v. State of North Carolina, 325 U.S. 226, 232–233, 65 S.Ct. 1092, 89 L.Ed. 1577; Calhoun v. Lange, D.C., 40 F.Supp. 264; Linscott v. Linscott, D. C., 98 F.Supp. 802; and Bercovitch v. Tanburn, D.C., 103 F.Supp. 62.

4. See note 3, supra.

clearly falls within the prohibition of the above mentioned rule, and defendant's motion to dismiss this cause of action must be granted.

 It cannot be determined with any degree of clarity whether the oral agreement alleged in the third cause of action was in fact a part of, or intended to be part of, the property settlement decree,[5] or whether it was an independent agreement. If the former, it would appear that plaintiff is seeking the enforcement of the same state court decree she wishes to annul, and if the latter, the pleading merely invites a motion for more definite statement. For these reasons, the motion to dismiss the third cause of action will be granted with leave granted to the plaintiff to amend her alleged third cause of action, if the plaintiff should elect to proceed on this cause of action alone.

It is, therefore, ordered that defendant's motion to dismiss the first and second causes of action sought to be set forth in plaintiff's complaint on file in this case be, and they are, hereby granted. The first and second causes of action sought to be set forth in plaintiff's complaint, and each of them is, hereby dismissed, and as to each of said causes of action, judgment is hereby ordered entered in favor of the defendant and against the plaintiff. Defendant will prepare and lodge with the Clerk of this Court all papers and documents necessary for the final disposition of these causes of action.

It is further ordered that defendant's motion to dismiss the third cause of action sought to be set forth in plaintiff's complaint on file in this case be, and it is, hereby granted, but with leave granted to the plaintiff to file an amended complaint again setting forth this cause of action, but in conformity with this order, if the plaintiff so elects.

---

5. The sixth paragraph of the property settlement agreement (appended to the complaint in this case as "Exhibit 'A' ") makes reference to a "certain sum of money, the amount of which has been heretofore agreed upon between said plaintiff and defendant", and by the terms of this clause, defendant is required to pay to plaintiff this amount. Paragraphs VIII and X of plaintiff's first cause of action indicate that the disposition of the $15,000 was intended to be handled separately and apart from the property settlement agreement because defendant induced plaintiff into believing that by avoiding a specific division of the money in the property settlement agreement, the parties would realize considerable savings on Court and legal fees.