RUTH G. EARL v. CHARLES H. JENKINS.

Submitted July 12, 1904—Decided November 7, 1904.

A judgment on bond and warrant of attorney, entered for the amount
of the penalty, in accordance with the act concerning obligations
(*Gen. Stat.*, p. 2336, § 5), and in pursuance of the express direc-
tion of the warrant, is not illegal, although a part of the real
debt had been collected by foreclosure of a mortgage given for the
same debt and the case was thus brought within the scope of the
act of March 12th, 1880. *Gen. Stat.*, p. 2111.

On rule to show cause.

Before Justices Dixon and Hendrickson.

For the plaintiff, *Thomas E. French.*

For the defendant, *John F. Harned.*

In consequence of illness Justice Hendrickson has been pre-
vented from taking part in the decision, and the case is there-
fore decided on the opinion of

Dixon, J. The defendant applies for the vacation of a
judgment entered against him for the penalty of his bond
by virtue of his warrant of attorney. The main ground of
the application is that a part of the debt mentioned in the con-
dition of the bond had been satisfied by the foreclosure of
a mortgage given for the same debt and therefore, under the
statute concerning such proceedings, passed March 12th,
1880, amended March 23d, 1881 (*Gen. Stat.*, p. 2111), judg-
ment should have been rendered for the balance of the debt
only, with costs.

Our act concerning obligations (*Gen. Stat.*, p. 2336) pro-
vides that when an action shall be brought on a bond con-
taining a penalty to secure the payment of money only, judg-
ment in favor of the plaintiff shall be entered for the penalty,

to be discharged by payment of the sum really due. This direction as to the amount of the judgment corresponds with the practice at common law.

Our act respecting the entry of judgments on bond with warrants to confess judgment (*Gen. Stat., p.* 172) directs that judgment shall be entered for the sum mentioned in the bond and warrant. In the present case the defendant's warrant authorized the attorney to confess judgment for the penalty of the bond.

The judgment now assailed is therefore entered in accordance with the statute specially regulating such proceedings and with the express authority of the defendant.

The act first mentioned does not render such a judgment illegal. In cases like this it may be read as if written "judgment shall be rendered according to the established practice," and execution "issue only for the balance of debt and costs of suit." In the affidavit produced for the confession of this judgment the amount of the real debt is distinctly stated, and hence upon the whole record the truth is shown.

Another ground for this application is that in the affidavit just mentioned the bond is referred to as being dated February 8th, 1903, and being conditioned for the payment of the debt in one year after its date, and yet the judgment was confessed May 2d, 1903.

But the affidavit states that a true copy of the bond was annexed thereto, and that copy shows a bond dated February 8th, 1893. The mistake in the reference is manifest and does not affect the legality of the judgment.

The application should be denied and the rule to show cause discharged, with costs.