## PRESTON v. DURHAM et al.

### (District Court, N. D. Georgia. January 21, 1920.)

COURTS ⟲328(2)—AMOUNT INVOLVED IN SUIT ON JUDGMENT IS AMOUNT OF JUDGMENT.

The amount involved in a suit on a judgment, for the purpose of determining federal jurisdiction, is the amount of the judgment, and not the amount of the original debt upon which it was rendered.

In Equity. Suit by C. M. Preston, trustee, against C. F. Durham, D. M. Elrod, and the Fidelity Mutual Life Insurance Company. On motion to dismiss. Denied.

G. E. Maddox, of Rome, Ga., and J. Hodge McLean, of Chattanooga, Tenn., for plaintiff.

W. Carroll Latimer and Smith, Hammond & Smith, all of Atlanta, Ga., for defendants.

NEWMAN, District Judge. This is a suit on a judgment obtained in Hamilton county, Tenn., which is for the sum of $3,286.75. A motion is made now to dismiss the suit, upon the ground that the jurisdictional amount is not involved. The contention is that we must take the original debt as it stood prior to its being merged into a judgment in the state court of Hamilton county, Tenn., as a criterion for determining whether jurisdiction exists.

The suit, of course, must be for over $3,000, exclusive of interest and costs, and that amount is involved here, if we allow the amount of the judgment, and do not go behind that to find the character and amount of the original debt. I do not care to go into an extensive discussion of this subject, as contained in the argument of counsel before the court, and in the full briefs of counsel for the parties respectively. The law on this subject appears to be correctly laid down in 20 Am. & Eng. Enc. of Law (2d Ed.) p. 599, as follows:

"Where a cause of action has been prosecuted or reduced to judgment, the cause of action is swallowed up and merged in the judgment, which is a higher and superior sort of security. The effect of the merger is that the matter which gave rise to the litigation can never again be the basis of an action"—citing a large number of authorities from various state and federal courts.

I think this authority establishes a general rule on this subject, which should control here in determining the amount involved, so as to determine the jurisdiction of the court. Clearly the suit is on the judgment itself, and the judgment is for more than $3,000, exclusive of interest and costs, as it now stands. Whether or not, in some cases where a judgment is sued on, it may be necessary to go behind the judgment for the purpose of ascertaining the character or kind of debt originally involved, as indicated in some of the cases we have seen, is unnecessary to be passed upon or determined now, as that is

not involved here. The sole question here is the amount, and not the character, of the debt.

What any judgment obtained here in this suit on the Tennessee judgment will cover, it is unnecessary now to decide. Whether or not the prayer of the plaintiff that he "be decreed a lien on the property described in said bond for titles, and that" he "be entitled to have said lien foreclosed, and the property described in said contract and bond for titles be held subject to the payment of the amount so to be decreed in his favor," is meritorious and can prevail, is not now to be determined, but is for hearing on the merits.

The motion to dismiss the bill, on the ground that the necessary jurisdictional amount is not involved, is overruled and denied.