### SCHLORER v. MANGIN.
### No. 1860.

District Court, E. D. New York.
May 17, 1941.

John J. Cunneen, of New York City, for plaintiff.

Michael Goldberg, of Jamaica, L. I., N. Y., for defendant.

MOSCOWITZ, District Judge.

This motion for summary judgment is made by the plaintiff in an action on a New Jersey judgment. Some years ago the defendant, a New York resident, executed a bond and mortgage to plaintiff's testator covering New Jersey real property. The bond contained therein a power of attorney authorizing any attorney in the State of New Jersey to confess judgment against the defendant in the event of a default.

▇ A default having occurred, plaintiff, through his attorney, caused judgment to be confessed against defendant. An examination of the exemplified judgment submitted on this motion shows this to be the case. This Court had occasion to consider this practice at length in Withers v. Starace, D.C., 22 F.Supp. 773, and there decided that such judgments were to receive full faith and credit as judgments based upon consent jurisdiction.

▇ The defendant, however, raises two further objections. The first goes to plaintiff's capacity to sue in this Court. The original cause of action on the bond brought by plaintiff, an administrator c.t.a. appointed in New Jersey, in the Courts of New Jersey, was a cause of action belonging to the estate which he represented. Had plaintiff attempted to sue directly in this Court the objection to his lack of capacity to sue as a foreign administrator would have been valid. Ancillary letters in New York would have been necessary to cure the defect.

Here, however, suit is not brought on the original cause of action, but on the judgment thereon, obtained in New Jersey by the foreign administrator in his own name. It has been held that a foreign administrator may maintain an action in his own name on a judgment obtained by him in his representative capacity. Nichols v. Smith, 7 Hun 580; Moore v. Kraft, 7 Cir., 179 F. 685. The theory is one of merger of the old cause of action in the judgment which enures to the personal representative as an individual. The plaintiff, therefore, has capacity to sue in this Court without securing ancillary letters.

▇ Defendant's remaining objection goes to the jurisdiction of this Court on the ground that the $3,000 minimum required in diversity cases is not met. He points out that although the judgment on which suit is brought is in the amount of $3,600, actually the principal amount due is only $1,800, the judgment being in a penalty amount. He points out that although judgment was entered in a penalty amount, it is the practice of the New Jersey Courts to permit execution only for the amount due. Huck-Gerhardt Co. v. Parreca, 154 A. 870, 9 N.J.Misc. 563; Earl v. Jenkins, 71 N.J.L. 416, 58 A. 1086. Here, however, assuming that this Court could go behind the New Jersey judgment, plaintiff claims interest arrears on the obligation adequate to give this Court jurisdiction as an "amount due" in excess of $3,000 within the meaning of the cases just cited. The jurisdictional amount is therefore satisfied.

Motion granted. Settle order on notice.