**ALBANESE v. RICHTER.**

No. 9257.

Circuit Court of·Appeals, Third Circuit.

Argued Feb. 17, 1947.

Decided May 21, 1947.

Isadore Glauberman, of Jersey City, N. J., for appellant.

Arthur T. Vanderbilt, of Newark, N. J. (Willard G. Woelper, of Newark, N. J., on the brief), for respondent.

Before O'CONNELL and KALODNER, Circuit Judges, and FOLLMER, District Judge.

O'CONNELL, Circuit Judge.

This appeal poses the question whether an illegitimate child may proceed against his putative father, in a federal court, for invalidation of an instrument alleged to be a fraud on his rights and for the awarding of sums necessary for his education and support.

The allegations of the complaint are substantially as follows: Defendant and Barbara Mary Kelnhofer (hereinafter called Barbara), not married to one another, cohabited on numerous occasions between January, 1941, and January, 1944. As a result of that relationship, Barbara became pregnant in October, 1943. Because defendant threatened to cease supporting her, Barbara on February 18, 1944, executed in New York a formal instrument, under the terms of which she did "admit and covenant" that defendant was not the father of the expected child, and did accept $7500 in satisfaction of all claims "which I may now have, or hereafter claim or claim to have, against the said Hubert Richter, by reason particularly of my pregnancy, the birth of the expected child or for [sic] its support, education, and maintenance."

Plaintiff was born on July 20, 1944. He and Barbara are residents of New York; defendant is a resident of New Jersey. Plaintiff asks the court: (1) to declare null and void the instrument signed by Barbara on February 18, 1944; (2) to require defendant to contribute to his support and education, in accordance with Section 120 of the New York Domestic Relations Law, Consol.Laws, c. 14; and (3) to require defendant to contribute to his support and education,·in accordance with Section 9: 16–2, Revised Statutes of New Jersey, N.J. S.A.

The court below granted defendant's motion to dismiss the complaint; D.C.1946, 67 F.Supp. 771. We reach the same conclusion.

Mere diversity of citizenship and jurisdictional amount, in and of themselves, are not sufficient to give jurisdiction to federal courts. 28 U.S.C.A. § 41(1), as interpreted by the courts, has been held consistently not to include suits primarily involving domestic relations. Fontain v. Ravenel, 1854, 17 How. 369, 58 U.S. 369, 15 L.Ed. 80; and see In re Burrus, 1890, 136 U.S. 586, 593, 10 S.Ct. 850, 34 L.Ed. 500, and Williams v. North Carolina, 1945, 325 U.S. 226, 233, 237, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366.

Plaintiff urges that "domestic relations" does not include the putative father-illegitimate child relationship. Both New York and New Jersey, however, have indicated that the parens patriae doctrine in those states includes illegitimate children as well.[1] Moreover, we have been unable to find any precedent for a suit based upon diversity of citizenship, in a federal court by an illegitimate child against his putative father.

Our decision that federal courts lack jurisdiction to entertain the three causes of action asserted in the complaint renders it unnecessary to consider the merits of the case or other issues raised.

The judgment of the district court is affirmed.

---

[1] See Jones v. Jones, 1937, 161 Misc. 660, 663, 292 N.Y.S. 221, 224; Ex parte R.L., ch. 1945, 137 N.J.Eq. 271, 44 A. 2d 396. It should also be noted that the statutes upon which the second and third causes of action are based appear in do-

mestic relations portions of the collected laws of each state, and that the right granted by the New Jersey statute is exactly that enjoyed by legitimate children.