Vicki Matson **RICHIE**, Plaintiff,

v.

Robert Yarnall **RICHIE**, Defendant.

Civ. No. 60C518.

United States District Court
E. D. New York.
Sept. 14, 1960.

Rogers, Hoge & Hills, New York City, for plaintiff. William L. McGuire, New York City, of counsel.

Leonard J. Fassler, New York City, for defendant.

ZAVATT, District Judge.

The plaintiff and the defendant were husband and wife who entered into a separation agreement in 1950 which required, inter alia, that the defendant husband pay the plaintiff wife monthly installments for the maintenance and support of the plaintiff and of their infant child. A subsequent decree of divorce was granted by the District Court of Harris County, Texas which approved the separation agreement and incorporated it in and as a part of the decree of divorce.

The defendant having made no payments to the plaintiff for her support for a period of 48 months, she sued the defendant for breach of the separation agreement, in the Superior Court of the State of Washington to recover arrears of alimony in the sum of $9,600 plus interest. The court awarded her judgment in the sum of $10,785 with interest thereon from November 1, 1959 plus costs. No part thereof having been paid, the plaintiff has brought suit in this court on that judgment to recover $10,785 (the amount of the judgment) plus interest thereon from November 1, 1959. The complaint alleges diversity of citizenship which is assumed for purposes of the defendant's motion to dismiss. The plaintiff also sues for breaches of the separation agreement from November 1, 1959 to the date of the trial to recover judgment therefor in the aggregate sum equal to $200 per month for each month's alimony due and unpaid during that period, with interest and costs, including disbursements.

The defendant moves to dismiss the complaint upon two grounds, to wit, that the court does not have jurisdiction of the first cause of action (to recover on the Washington judgment) because the amount in controversy, exclusive of interests and costs, does not exceed $10,000 as required by 28 U.S.C. § 1332(a) and that the second cause of action (to recover for breaches of the separation agreement since November 1, 1959) is not within the jurisdiction of the court "in that it involves a Domestic Relations matter; to wit, a suit for support and maintenance under a separation agreement." As to the first cause of action, the defendant contends that "The court

should look through the judgment sued on herein to the substance of the amount in controversy"; that that judgment was for only $9,600 exclusive of interest and costs awarded and that therefore the amount in controversy is less than the requisite jurisdictional amount. In effect the defendant argues that the amount in controversy is the original indebtedness ($9,600) as it stood before it was merged into the judgment of the Washington court.

 The amount in controversy is to be determined from the plaintiff's complaint. She sues to recover $10,785. That is her principal demand in Count One of the complaint. Gilliland v. Colorado Life Co., D.C.W.D.Mo.W.D.1936, 15 F.Supp. 367; A. H. Marshall Co. v. Buick Motor Co., D.C.S.D.N.Y.1918, 251 F. 685, 689. Interest in a judgment merges into the judgment. The claim in an action on a judgment, the amount in controversy in such an action, is the amount of the judgment. It is only interest on the judgment that may not be included to enhance the amount in controversy. Reynolds v. Reynolds, D.C.W.D.Ark.1946, 65 F.Supp. 916, 918; Preston v. Durham, D.C.Ga.N.D.1920, 262 F. 843; cf. Schlorer v. Mangin, D.C.E.D.N.Y.1941, 39 F. Supp. 64. The word "interest" in 28 U.S.C. § 1332(a) means interest as interest. It does not include interest in a judgment sued on. Gilliland v. Colorado Life Co., supra. The defendant's motion to dismiss "Count One" of the complaint is denied.

 The defendant's motion to dismiss "Count Two" of the complaint is denied. The plaintiff's claim does not involve domestic relations. It is one to recover damages for breach of contract as between parties who are not husband and wife. Manary v. Manary, D.C.N.D. Cal.1957, 151 F.Supp. 446, 447, 449. Linscott v. Linscott, D.C.S.D.Iowa S.D. 1951, 98 F.Supp. 802, cited by the defendant is not on point. Since the amount in controversy under the first cause of action is for more than the jurisdictional amount, the amount in controversy under the second cause of action need not be in the jurisdictional amount. Pearson v. National Society Public Accountants, 5 Cir., 1953, 200 F.2d 897.

Settle order consistent with this opinion on or before September 26, 1960.