## STANDARD ACCIDENT INSURANCE CO.

v.

## Marcos V. AGUIRRE, Jr.

### Civ. A. No. 3007.

United States District Court
W. D. Texas,
San Antonio Division.

Dec. 19, 1961.

---

Groce & Hebdon, San Antonio, Tex., for Standard Accident Ins. Co.

Rudy G. Rice, San Antonio, Tex., for Marcos V. Aguirre, Jr.

SPEARS, District Judge.

Plaintiff, Standard Accident Insurance Company, a Michigan corporation, filed this workmen's compensation suit to set aside a final decision of the Industrial Accident Board of Texas, which

awarded the defendant, Marcos V. Aguirre, Jr., the total sum of $146.65, based upon five (5) weeks total temporary disability at the rate of $29.33 per week. Defendant had sought from the Board total permanent disability for 401 weeks at the rate of $35.00 per week.

In addition to diversity of citizenship, plaintiff alleged that the controversy involved in excess of $10,000, since the amount demanded before the Board totalled $14,035.

On the same day that this action was filed, but several hours later, the defendant instituted suit in the District Court of Bexar County, Texas, also seeking to set aside the Board's decision, and asking for judgment in the amount of $14,035, representing total permanent disability for 401 weeks at the rate of $35.00 per week.

Subsequently, defendant filed a motion to dismiss this suit, contending that the Court has no jurisdiction, because the amount in controversy is less than $10,000. Contemporaneously therewith "if the same be necessary" he filed an answer denying that this Court has jurisdiction, and also a counterclaim in which he seeks total temporary disability at the rate of $35.00 per week for only 250 weeks, or a total sum of $8,750. This constitutes the only claim for compensation filed by defendant in this Court

In compliance with representations made at the time of the hearing on said motion, and as evidence of his good faith, defendant amended his petition in state court to correspond to the allegations of his counterclaim in this Court, and, through his attorney of record in both cases, filed herein a stipulation and promise that he would not thereafter again assert a claim in state court for more than 250 weeks at the rate of $35.00 per week.

Recognizing the congested condition of the dockets in federal courts, Congress, in 1958, increased the jurisdictional amount in diversity of citizenship cases to $10,000,[1] and provided that "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."[2]

■■ Ordinarily, the one who claims that something is due or belongs to him initiates a lawsuit as the plaintiff therein. His complaint, filed in apparent good faith, generally determines the amount in controversy, unless the law gives a different rule. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 388, 58 S.Ct. 586, 82 L.Ed. 845. However, the Texas Workmen's Compensation Law[3] permits either the employee or the insurance company to bring suit to set aside the final ruling of the Industrial Accident Board, but when the insurance company wins the race to the courthouse, and the employee for the first time asserts his claim in federal court in a counterclaim, he still has the burden of proving his right to recover.

■ The determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards, and the amount originally claimed before the Industrial Accident Board does not control. Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 352, 81 S.Ct. 1570, 6 L.Ed.2d 890. In the Horton case, supra, the contention was made that the Board's award of $1,050 determined the amount in controversy. The Supreme Court in upholding the jurisdiction of the district court in that case, pointed out, among other things, that the petitioner's claim before the Board was $14,035; that his state court suit asked that much; that he had not denied the jurisdictional allegations of respondent's complaint; that his conditional counterclaim in fed-

1. 28 U.S.C. § 1332.

2. 28 U.S.C. § 1445(c).

3. Art. 8307, Section 5, Vernon's Annotated Texas Statutes.

eral court claimed the same amount; and that he made no attempt to surrender or disclaim any part of his original claim.

 Here, although the original claim before the Industrial Accident Board and in state court was in excess of $10,000, the Board's award was only $146.65. The defendant in his answer denied that this Court has jurisdiction and he has, in good faith, the only time his claim was asserted in federal court, surrendered $5,285 of his original demand. It is clear that his claim in both state and federal courts is limited to 250 weeks total temporary disability at the rate of $35.00 per week, or $8,750. Since, therefore, he does not really have a claim in excess of $10,000, it is my opinion that the motion to dismiss for want of jurisdiction should be granted, and judgment is being entered accordingly.