UNITED STATES FIDELITY & GUAR-
ANTY COMPANY
v.
Mr. Ray CARLTON.
Civ. A. No. 1475.

United States District Court
N. D. Texas,
Wichita Falls Division.
Jan. 26, 1962.

---

H. Dustin Fillmore, of Fillmore, Schaeffer & Fillmore, Wichita Falls, Tex., for plaintiff.

Kenneth Spell, of Mock & Spell, Wichita Falls, Tex., for defendant.

HUGHES, District Judge.

The question involved in this case is whether the United States District Court has jurisdiction under that part of 28 U.S.C. § 1332, as amended in 1958 which grants jurisdiction to the U. S. District Court of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs." The plaintiff, United States Fidelity & Guaranty Company is a citizen of Maryland and the defendant is a citizen of Texas so that the jurisdictional question is limited to whether the amount in controversy exceeds $10,000.-00.

The defendant, Carlton was injured in the course of his employment with Bill Lisle Drilling Company in Young County, Texas, on or about August 1, 1960. The United States Fidelity & Guaranty Company had prior thereto issued a policy of workmen's compensation insurance for the benefit of the employees of Bill Lisle Drilling Company and such policy was in effect on August 1, 1960.

The employee filed a claim with the Texas Industrial Accident Board against his employer and the Insurance Company, alleging a back injury without stating its extent, and claiming compensation, though not a specific amount. On December 12, 1961, the Board entered a final award granting a total sum of $875.00 compensation benefits.

Under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8309c, § 10, either the employee or the Insurance Company, if dissatisfied with the award, may "bring suit in the county where the injury occurred to set aside said final ruling", in which event the issues are tried de novo. In this case both parties appealed, the Insurance Company filing in the federal court on the day following the Board's award and thereafter, the employee in the state court of Young County, claiming 285 weeks total disability or a lump sum of $9500.00. In the federal court the employee filed a motion to dismiss for lack of jurisdiction, contending that the amount in controversy was less than $10,000.00 and, subject to his motion to dismiss, filed a counter-claim seeking compensation for the same amount as in the state court.

The Insurance Company contends in its complaint that the amount in contro-

versy exceeds $10,000.00 since the employee could under the Texas law claim compensation at the rate of $35.00 per week for 401 weeks or a total of $14,035.00. In an amended reply to the employee's counter-claim the Insurance Company denied that the employee had any incapacity or, if mistaken, that it was partial and temporary.

As pointed out by the Supreme Court in the case of Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890, the 1958 amendment to 28 U.S.C. § 1332 "manifested a congressional purpose to discourage the trying of suits involving less than $10,000 in federal courts. In discussing the question of state workmen's compensation cases, the Senate Report * * * evidenced a concern * * * about trial burdens that claimants might suffer by having to go to trial in federal rather than state courts due to the fact that the state courts are likely to be closer to an injured worker's home and may also provide him with special procedural advantage in workmen's compensation cases." While the Congressional purpose is not controlling, particularly where the amount in controversy is clearly over $10,000.00, "a clearer expression of congressional dislike for saddling federal courts with such cases could hardly be imagined." Horton v. Liberty Mutual Insurance Co., supra (dissenting opinion). Effect should be given to this policy wherever possible. Moreover, it has been repeatedly held that jurisdiction of the federal courts is to be narrowly interpreted. "The policy of the (diversity) statute calls for its strict construction." Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248.

While the general federal rule is that the amount in controversy is to be determined from the complaint itself, it is also true that the amount must be claimed in good faith. In this case while the Insurance Company states the amount in controversy exceeds the sum of $10,000.00, nothing in the record substantiates this claim. No amount was named by the employee in his petition before the Board. The award was for $875.00. The employee, in his counter-claim and in his suit filed in the state court, sought recovery for 285 weeks of total disability, or a lump sum of $9500.00, while the Insurance Company in its reply to the counterclaim denied that the employee had any incapacity or, if any, that the incapacity was partial and temporary. In view of the record, it is this Court's opinion that the claim of federal jurisdiction by the Insurance Company is not made in good faith.

The only way the Insurance Company attempts to sustain its contention that the amount in controversy exceeds $10,000.00 is to allege that the employee "could claim compensation at the rate of $35.00 per week for 401 weeks." While it is true the Insurance Company filed this complaint, the employee is the real plaintiff. Under the Texas Workmen's Compensation Statute, he has the burden of proof and opens and closes the case, regardless of whether the complaint is filed by the employee or the Insurance Company. Thus the amount claimed by the employee should control. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845. The employee has never claimed an amount in excess of $10,000.00, in fact, he has specifically denied the allegation of the Insurance Company that the amount involved is more than $10,000.00. In Taylor v. Anderson, 234 U.S. 74, 75, 76, 34 S.Ct. 724, 58 L.Ed. 1218, the Court said, "whether a case is one (involving a federal question) * * * must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." In this case if the Insurance Company is considered the plaintiff, its statement of its own claim is that the employee is not disabled and by appealing the award of $875.00 it is contending that the amount is too high. On the other hand, if the counterclaim of the employee, the real

plaintiff, is considered in determining jurisdiction, the amount involved is less than $10,000.00.

For the reasons stated, this Court is of the opinion that the federal court does not have jurisdiction and the motion to dismiss for lack of jurisdiction should be sustained.