**Dennis Edward HOBBS, Plaintiff,**

**v.**

**William Joe MANLEY, Defendant,**

**Allstate Insurance Company, Garnishee.**

**No. 6235.**

United States District Court
N. D. Oklahoma.

Oct. 15, 1965.

---

Gerald Swanson, Tulsa, Okl., for plaintiff.

Covington & Gibbon, Tulsa, Okl., for garnishee, Allstate Ins. Co.

No appearance for defendant.

DAUGHERTY, District Judge.

Upon consideration of plaintiff's motion to remand filed herein, the Court finds and orders as follows:

Plaintiff recovered a judgment against the above named defendant for $10,000.00 and costs in the State District Court in and for Tulsa County, Oklahoma, on September 1, 1964. Said judgment would draw interest from September 1, 1964 at the legal rate in Oklahoma. On or about July 15, 1965, the plaintiff caused a garnishment summons to be issued in the State Court to the Allstate Insurance Company as garnishee. In an affidavit for such garnishment filed in the State Court garnishment proceeding against the garnishee, the plaintiff claimed judgment against the defendant in the amount of $9,999.00.

This garnishment proceeding was the first time the said Allstate Insurance Company was involved in the State Court case. Upon becoming so involved the said garnishee removed the garnishment controversy existing between it and the plaintiff to Federal Court, claiming a diversity of citizenship between them, which does not appear to be disputed, and that the required jurisdictional amount is involved. The required jurisdictional amount would be involved between these parties if the plaintiff had made claim against the garnishee for the full amount of his State Court judgment against the defendant as of July 15, 1965. See Matthews v. Allstate Insurance Company, D.C.Va.1961, 194 F.Supp. 459; Richie v. Richie, D.C.N.Y.1960, 186 F.Supp. 592; and Schlorer v. Mangin, D.C.N.Y.1941, 39 F.Supp. 64. But as to the garnishee the plaintiff has only laid claim against it in the garnishment proceeding against it for the amount of $9,999.00, which is below the required jurisdictional amount for Federal Court involvement.

This claim and controversy between the plaintiff and the said garnishee is a new claim and controversy. The plaintiff is master of his claim, and if he chooses to ask for less than the jurisdictional amount, only the sum he demands is in controversy and Federal jurisdiction is absent here, even though his underlying claim was of a value exceeding the statutory minimum. See Brady v. Indemnity Insurance Company of North America, C.C.A.6th, 1933, 68 F.2d 302; United States Fidelity & Guaranty Company v. Carlton, D.C.Tex.1962, 202 F.Supp. 719; Standard Accident Insurance Company v. Aguirre, D.C.Tex.1961, 199 F.Supp. 918; Lorensen v. Jenney Manufacturing Company, D.C.Mass.1958, 158 F.Supp. 928; and Erwin v. Allied Van Lines, Inc., D.C.Ark.1965, 239 F.Supp. 144. By this action of the plaintiff, he is barred from looking to the garnishee for an amount in excess of $9,999.00 with reference to his State Court judgment against the defendant.

For the foregoing reasons the plaintiff's motion to remand must be granted. The case is ordered remanded to the District Court in and for Tulsa County, State of Oklahoma, for further proceedings. The Clerk of this Court will take the necessary action to remand the case as above directed.