Lynne E. SOLOMON, Parent and natural guardian of Patricia Solomon, et al.

v.

John F. SOLOMON, Jr.

Civ. A. No. 73–2831.

United States District Court, E. D. Pennsylvania.

March 19, 1974.

Arthur L. Jenkins, Jr., Smith, Aker, Grossman, Hollinger & Jenkins, Norristown, Pa., for plaintiffs.

Martin J. Cunningham, Jr., Norristown, Pa., for defendant.

MEMORANDUM.

NEWCOMER, District Judge.

The present case grew out of a separation agreement between a husband and wife. Plaintiff Lynne E. Solomon and defendant John F. Solomon, Jr. separated in 1968 after signing an agreement setting forth custody, the disposition of their property, child support obligations, and visitation rights. Shortly after the agreement was entered into, defendant John F. Solomon, Jr., claiming that his wife had denied him his visitation rights under the agreement, filed a habeas corpus motion with a Pennsylvania state court to enforce those rights. During these court proceedings plaintiff moved with the children to Florida, an act which resulted in the state court citing her for contempt. This contempt citation (as well as a warrant for her arrest) is still outstanding. Shortly after plaintiff Lynne E. Solomon moved to Florida, defendant John F. Solomon, Jr. obtained a decree of divorce.

Plaintiff Lynne E. Solomon, now along with the couple's minor children a resident of Delaware, has filed a suit in this Court based on diversity of citizenship.[1] Plaintiff alleges that defendant has refused to pay the child support amounts set forth in the separation agreement, and she asks this Court to award her the unpaid amounts (totalling $13,340.00) and to order her former husband to meet his payment obligations in the future. Defendant has moved for summary judgment on the grounds that the plaintiff lacks clean hands and that the pendency of the state court visitation case *ipso facto* deprives this Court of jurisdiction.

■ While we do not agree with either of defendant's assertions, we do feel that the present case "involves domestic relations" and thus is a matter which has been traditionally left by the federal courts to the purview of the state court. Barber v. Barber, 62 U.S. 582, 21 How. 582, 16 L.Ed. 226 (1858);

Abanese v. Richter, 161 F.2d 688 (3rd Cir.), cert. denied 332 U.S. 782, 68 S.Ct. 49, 92 L.Ed. 365 (1947). This rule has been followed even where only a settlement agreement involving property rights is involved. Linscott v. Linscott, 98 F.Supp. 802 (D.C.Iowa 1951); Wright C.A., Law of Federal Courts (2d Ed.) § 25, p. 85; but see Richie v. Richie, 186 F.Supp. 592 (D.C.N.Y.1960).

A diversity-of-jurisdiction suit in federal court to enforce a settlement agreement has been permitted to proceed where the agreement was part of a valid state court decree, Richie v. Richie, cited *supra,* but this situation, in which the federal court's reluctance to entertain domestic relations matters must be balanced against the necessity of giving full faith and credit to a state court judgment, is not present here. In fact, this Court would be undermining the efficacy of the state court's contempt proceeding by allowing plaintiff to maintain her federal suit.

The *Richie* suit, cited *supra,* refused to dismiss an action to enforce a settlement agreement, declaring that "[an action] to recover damages for breach of contract as between parties who are not husband and wife" did not involve domestic relations. 186 F.Supp. at 594.

■ The *Richie* court emphasizes the post-divorce nature of the federal action as a guarantee both that the subject matter of the suit was not a matter of domestic relations and that the federal court would not be unduly interfering in the state court's province. This Court accepts the possibility that a suit to enforce a separation or property settlement agreement could be maintained in federal court after the state court had resolved all the questions of the involved parties' status and obligations to one another and any children, particularly where, as in *Richie,* the agreement sought to be enforced was incorporated in a valid state court divorce decree. However, these elements of finality and full faith and credit are lacking in the

1. Plaintiff is suing both in her own behalf and on behalf of her minor children.

present case, where there is a pending state action based on the agreement in question. To allow plaintiff to maintain her suit under the present circumstances would be, in the words of the court in *Linscott*, cited *supra:*

> "[to] do an ill service . . . in which our ultimate determination could prove an obstacle to the granting of appropriate relief by the State court." 98 F.Supp. at 805.