**Patricia BATES, Plaintiff,**

v.

**Richard BUSHEY, Defendant.**

**Civ. No. 75–70 ND.**

United States District Court,
D. Maine,
Northern Division.

Feb. 9, 1976.

Garth K. Chandler, Bangor, Me., for plaintiff.

Paul F. Zendzian, Bangor, Me., for defendant.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is a paternity action brought by a citizen of Maine against a citizen of Massachusetts. It was instituted pursuant to the Maine Uniform Act on Paternity, 19 Me.Rev.Stat.Ann. § 271 *et seq.* (1975 Supp.), in the Superior Court of Hancock County, Maine. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff now seeks a Court order remanding the case to the state court pursuant to 28 U.S.C. § 1447(c).

---

It is apparent that this action meets the black-letter requirements of federal diversity jurisdiction. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $10,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Nevertheless, this Court cannot assume jurisdiction of this action.

■ This case falls within the long-recognized "domestic relations exception" to federal diversity jurisdiction. This exception, which has been treated both as a limitation on the subject-matter jurisdiction of the federal courts and as a principle of voluntary judicial abstention, requires the federal courts to leave to the states controversies involving virtually all aspects of domestic relations law. *See, e. g., Ohio ex rel. Popovici v. Agler,* 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930) (action for divorce and alimony); *In re Burrus,* 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890) (action for custody of child); *Barber v. Barber,* 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1859) (dictum); *Donnelly v. Donnelly,* 515 F.2d 129 (1st Cir. 1975) (action seeking visiting rights with children); *Armstrong v. Armstrong,* 508 F.2d 348 (1st Cir. 1974) (dispute regarding obligations incorporated in divorce decree); C. Wright, A. Miller & E. Cooper, 13 Fed.Prac. & Proc. § 3609 (1975). In at least two instances federal courts of appeals have refused under this exception to take jurisdiction of actions seeking to establish paternity and obtain child support. *Buechold v. Ortiz,* 401 F.2d 371 (9th Cir. 1968); *Albanese v. Richter,* 161 F.2d 688 (3d Cir.), *cert. denied,* 332 U.S. 782, 68 S.Ct. 49, 92 L.Ed. 365 (1947).

■ The domestic relations exception applies equally to the instant case. First, decision on the merits of this paternity action will involve a determination of the legal status of plaintiff's minor child. *See* 19 Me.Rev.Stat.Ann. § 272. Such questions of individual status are at the core of the states' jurisdiction over domestic relations matters and are properly beyond the purview of the federal courts. *See Buechold v. Ortiz, supra,* at 372. Second, if paternity is determined in plaintiff's favor, this action will require entry of a decree awarding support payments due over the next several years. *See* 19 Me.Rev.Stat. Ann. §§ 272, 275, 281. Such relief is properly the business of state courts equipped to analyze domestic relations cases and to supervise continuing relief. It is not a matter which this Court should undertake. *See Armstrong v. Armstrong, supra,* at 350; *Buechold v. Ortiz, supra,* at 373.

For the foregoing reasons, plaintiff's motion to remand is granted and an order will be entered remanding the action to the Hancock County, Maine, Superior Court. 28 U.S.C. § 1447(c).

It is so ordered.