**LE THI SANG, Plaintiff,**

v.

**Edward LEVI, Individually and as Attorney General of the United States, et al., Defendants.**

**Civ. No. S–76–611–PCW.**

United States District Court, E. D. California.

Jan. 27, 1977.

---

Thomas R. Miller and Neil Gotanda, Cal. Rural Legal Assistance, Oakland, Cal., for plaintiff.

Dwayne D. Keyes, U. S. Atty., Richard W. Nichols, Chief Asst. U. S. Atty., Sacramento, Cal., for Federal defendants.

Peter J. Simonelli and Wallace F. Caldwell of Simonelli & Simonelli, Stockton, Cal., for defendants William and Elizabeth Knight.

WILKINS, District Judge.

The above entitled cause came on regularly to be heard on January 24, 1977 on the Court's Order to Show Cause, filed herein on January 5, 1977, and on the motion of defendants Edward Levi, Leonard Chapman, and David N. Ilchart (hereinafter referred to as "the federal defendants") to dismiss plaintiff's petition for writ of habeas corpus and complaint. The matter having been briefed and argued by the parties and the Court being fully apprised in the premises, and good cause appearing therefor,

THE COURT NOW FINDS that plaintiff's petition and complaint seeks to have the defendants deliver custody of the minor child Le Tuan Anh from their custody to the custody of plaintiff;

AND THE COURT FURTHER FINDS from said petition and complaint that said minor child is presently in the physical custody of defendants Knight;

AND THE COURT FURTHER FINDS from said petition and complaint that said minor child may or may not be an alien subject to the jurisdiction of the Immigration and Naturalization Service, by reason of the alleged fact that said minor child was born to plaintiff and her husband, an American soldier, and may thereby be an American citizen under the provisions of Title 8 U.S.C. § 1401(a)(7);

AND THE COURT FURTHER FINDS from said petition and complaint that both plaintiff and said minor child are presently residents within the United States of America, and that said minor child is presently resident within the territorial jurisdiction of this Court;

AND THE COURT FURTHER FINDS from said petition and complaint that said minor child has been paroled into the United States of America by the federal defendants, under the authority of Title 8 U.S.C. § 1182(d)(5), and that said parole constitutes the only custody of said minor child by the federal defendants;

AND THE COURT FURTHER FINDS from said petition and complaint, and from the representations of all parties at said hearing, that no party to this action desires to have said parole revoked in such a manner that said minor child would be returned to Vietnam;

AND THE COURT FURTHER FINDS from the representations of counsel for the federal defendants that they do not require, as a condition of the parole of said minor child, that said minor child remain in the custody of defendants Knight, and that any statement to the contrary in any letters or documents issued by the Immigration and Naturalization Service was made in excess of and without the authority of said federal defendants;

AND THE COURT FURTHER FINDS from the representations of counsel for the federal defendants that any custody of the minor child which is consistent with state law is acceptable to the Immigration and Naturalization Service, so long as the Immigration and Naturalization Service is kept apprised of the whereabouts of the minor child;

AND THE COURT FURTHER FINDS that no exceptional circumstances here exist which would require this Court to exercise jurisdiction in derogation of the normal rule that federal courts do not exercise jurisdiction in child custody contests, and that such actions are more properly reserved to the state courts for decision;

AND THE COURT FURTHER FINDS that plaintiff and defendants Knight should

pursue their dispute over the custody of the minor child in the Superior Court of the State of California, in and for the County of San Joaquin, the county of present residence of the minor child, if they are unable to resolve said custody dispute.

IT IS, THEREFORE, ORDERED that this Court's Order to Show Cause, issued herein on January 5, 1977, be, and it is hereby, discharged;

AND IT IS FURTHER ORDERED that the motion of the federal defendants to dismiss plaintiff's petition for writ of habeas corpus and complaint herein be, and the same is hereby, granted, pursuant to the provisions of Rule 12(b)(1) of the Federal Rules of Civil Procedure and under the authority of *Buechold v. Ortiz* (9th Cir., 1968) 401 F.2d 371, with leave to plaintiff to amend her petition and complaint, should she so desire, within thirty (30) days of the date of this Order, pursuant to the provisions of Local Rule 116(b).