EUGENE A. WRIGHT, Circuit Judge:
Thelma Tree Top appeals from a district court order denying and dismissing her petition for a writ of habeas corpus. The district court having issued a certificate of probable cause, we have jurisdiction under 28 U.S.C. § 2253. Although the appellant filed a notice of appeal before entry of a proper final judgment, in this case we deem the notice of appeal to relate to the later judgment. See Firchau v. Diamond National Corp., 345 F.2d 269, 271 (9th Cir. 1965); Curtis Gallery & Library, Inc. v. United States, 388 F.2d 358, 360 (9th Cir. 1967).
Tree Top, a member of the Standing Rock Sioux Indian Tribe of North and South Dakota, experienced financial and marital problems in 1967 that made it difficult to support her eight children. Through a missionary, she placed her six-year-old daughter, Rena, with Marcellus and El-louise Smith of Hamilton, Montana.
When they returned home, the Smiths gave Rena to respondents-appellees Sher *520 man and Juanita Smith (Smiths) of Soda Springs, Idaho. Marcellus and Sherman Smith are brothers. Rena has lived with the respondents since October 1967.
The record is unclear as to the extent to which Tree Top sought Rena’s return. Petitioner contended in the lower federal court that she repeatedly and unsuccessfully demanded through attorneys and others that Rena be returned, but the Smiths ignored the demands. According to the Smiths, Tree Top made no effort to alter the custody arrangement nor did the Smiths prevent or discourage communication or contact between her and Rena.
In 1975 the Smiths filed a petition in Idaho state court to adopt Rena and to terminate Tree Top’s parental rights. That court’s order of December 31,1975, prevented the removal of Rena from Idaho by anyone other than the Smiths and restrained Tree Top from interfering with the Smiths’ custody of Rena.
In January 1976 Tree Top petitioned the Idaho federal district court for habeas relief and for a stay of the state court proceedings, alleging that the Smiths’ custody of Rena violated federal statutes and the Constitution. The federal district court entered an amended order on January 23, 1976, denying and dismissing the petition on abstention grounds.
While this appeal was pending, counsel for the Smiths and for the Standing Rock Sioux stipulated in the state proceeding for entry of judgment. In accordance with the Idaho statutes [1] the state court gave Tree Top notice of the action and advised her of her right to appear and to be represented by counsel. The court found, however, that although Tree Top had submitted to its jurisdiction, she failed to appear. It then found that she had abandoned Rena ten years earlier and had neglected her prior thereto, that Rena’s natural father was unknown and that the Smiths were fit and proper persons to become adoptive parents.[2]
The decree of adoption and termination of parental rights issued in the usual form and was supplemented by a provision that Rena was to retain her tribal rights in the Standing Rock Sioux Tribe. There was no appeal from the state court decree.
We affirm the dismissal of the petition for habeas corpus. The Idaho decree is a valid judgment, issued after full and fair procedures that complied with the applicable state statutes.[3] It operates to “divest the parent [Tree Top] and the child [Rena] of all legal rights, privileges, duties, and obligations, including rights of inheritance, with respect to each other.” Idaho Code § 16-2011 (Supp.1976).
*521 The crux of Tree Top’s petition relates to the merits of the custody dispute, and she had full and fair opportunity to litigate those issues in the state court. Moreover, she had the statutory right to appeal the decree in the Idaho system.[4] Under the circumstances, she is now bound by the state judgment and the federal courts will not entertain her complaint merely because she has reframed the custody dispute as a petition for habeas corpus.
Even if we were to conclude that the principles of res judicata did not bar entertainment of this action,' we would abstain from exercising federal jurisdiction unless we were presented with unique circumstances which overcame the long-standing policy of the federal courts to refrain from interfering in state domestic relations disputes. See In Re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); Magaziner v. Montemuro, 468 F.2d 782, 787 (3rd Cir. 1972); Buechold v. Ortiz, 401 F.2d 371, 373 (9th Cir. 1968). Cf. Nguyen Da Yen v. Kissinger, 528 F.2d 1194, 1202-03 & n.15 (9th Cir. 1975).
The order of the district court dismissing the petition is affirmed.

. The Idaho statute governing termination of parental rights is detailed and solicitous of all parties’ rights. See Idaho Code §§ 16-2001 et seq. (Supp.1976).
It specifies, inter alia, detailed procedures for notice by personal service or mail and publication, written waiver of appearance and appointment of a guardian ad litem for minor or incompetent parents (§ 16-2007); a full investigation and written report by the appropriate government agency on the circumstances giving rise to the petition and the condition of the parent-child relationship (§ 16-2008); and a closed, recorded hearing before the court with retained or appointed counsel for the parent if requested, and the testimony and cross-examination of those witnesses deemed necessary to the court’s disposition (§ 16-2009).

. The state court findings established sufficient grounds for its order terminating Tree Top’s parental rights under Idaho law:
Conditions under which termination may be granted. — The court may grant an order terminating the relationship where it finds one or more of the following conditions exist:
a. The parent has abandoned the child by having failed to maintain a normal parental relationship, including but not limited to reasonable support or regular personal contact; failure of the parent to maintain this relationship without just cause for a period of one (1) year shall constitute prima facie evidence of abandonment under this section.
b. The parent has neglected or abused the child. Neglect as used herein shall mean a situation in which the child lacks parental care necessary for his health, morals and well-being.
Idaho Code § 16-2005 (Supp.1976).

. Although the issue is not before us, we think that Idaho’s procedures comport with due process and, from the record at hand, it would appear that the statutory procedure, as applied here, did not abridge Tree Top’s rights.

. Appeals — An appeal may be taken to the
district court from an order or decree of the court granting or refusing to grant a termination, in the manner and form as appeals are taken in other civil proceedings from the magistrates division of the district court to district courts, provided, however, pendency of an appeal or application therefor shall not suspend the order of the court relative to termination of the parent-child relationship.
Idaho Code § 16-2014 (Supp.1976).