**JUNGIL LEE, Estate representative for Jin Ah Lee, deceased; Sang Chul Lee, decedent's father; Dukson Lee, decedent's mother, Plaintiffs–Appellants,**

v.

**ANC CAR RENTAL CORP.; General Motors Corp.; Hong–Jun Jeon, Defendants–Appellees.**

No. 04–17288.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2007.

Filed Jan. 29, 2007.

---

1. Hayder was sentenced May 25, 2006. U.S.S.G. § 3C1.1 was amended with respect to the quoted language, effective November 1, 2006.

Michael S. Kimm, Esq., Hackensack, NJ, for Plaintiffs–Appellants.

Timothy M. Medcoff, Esq., Raymond R. Cusack, Quarles & Brady Streich Lang, LLP, Tucson, AZ, Jo Ana Saint–George, Esq., Bowman & Brooke, LLP, George P. Spiess, Esq., Spiess & Lasse, PC, Phoenix, AZ, for Defendants–Appellees.

Before: HUG and W. FLETCHER,

Circuit Judges, and HOLLAND *, District Judge.

### MEMORANDUM **

After Jin Ah Lee, a Korean national, was killed in a car accident in Arizona, her estate representative, Jungil Lee, and Korean national parents, Sang–Chul Lee and Dukson Lee, brought suit in federal court alleging various state law tort claims against three defendants: Hong–Jun Jeon, a Korean national; Alamo/National Rental Car, a Florida corporation; and General Motors, which is incorporated in Delaware and has its primary place of business in Michigan. The district court dismissed the suit for lack of subject matter jurisdiction under the alienage diversity provisions of 28 U.S.C. § 1332(a). Plaintiffs–Appellants appeal from this final order. We review the district court's subject matter jurisdiction determination de novo, *see Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 (9th Cir.2006), and we affirm.

### I. Diversity Jurisdiction Under § 1332(a)

■ We have interpreted § 1332(a)(2) to require complete diversity of parties. That is, aliens may not be on both sides of the litigation. *Faysound Ltd. v. United Coconut Chem., Inc.*, 878 F.2d 290, 294 (9th Cir.1989); *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 476 (9th Cir.1994) (§ 1332(a)(2) does not confer jurisdiction where a "case involve[s] a single foreign plaintiff ... and numerous foreign defendants (in addition to U.S. defendants)"). Because the Plaintiffs–Appellants are Korean nationals,[1] as is Jeon, the complete diversity required for jurisdiction under § 1332(a)(2) is lacking.

■ Under the plain language of § 1332(a)(3), for jurisdiction to exist there must be both United States citizen plaintiffs and United States citizen defendants. *See Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298 (9th Cir.1985). Because here United States citizens, namely Alamo/National Rental Car and General Motors, are on only one side of the litigation, § 1332(a)(3) does not apply.

■ Contrary to Plaintiffs–Appellants' contention, the lack of diversity under § 1332(a) cannot be cured by the district court exercising supplemental jurisdiction over their claims against Jeon under 28 U.S.C. § 1367.

■ We decline Plaintiffs–Appellants' request that we dismiss Jeon as a party under Federal Rule of Civil Procedure 21, in order to preserve diversity jurisdiction, for two reasons. First, Plaintiffs–Appellants failed to raise this issue before the district court. Second, they have another, timely filed suit pending against all defendants in state court in Arizona. We express no opinion as to whether Jeon is an *indispensable party under Federal Rule of Civil Procedure 21*.

### II. Diversity Jurisdiction Under § 1331(a)

■ Plaintiffs–Appellants also argue that a 1956 Treaty of Friendship, Commerce and Navigation between the United States and Korea gives rise to federal question jurisdiction under 28 U.S.C.

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although Jungil Lee may be a citizen of the United States, for diversity purposes, the legal representative of the estate of a decedent is deemed to have the same citizenship as the decedent. 28 U.S.C. § 1332(c)(2).

§ 1331(a). They point to Article V of the treaty, which provides that "[n]ationals and companies of either Party shall be accorded national treatment and most-favored-nation treatment with respect to access to the courts of justice ... within the territories of the other Party, in all degrees of jurisdiction...." Treaty of Friendship, Commerce and Navigation, Nov. 28, 1956, U.S.-Korea, Art. V, 8 U.S.T. 2217.

In *Buechold v. Ortiz,* 401 F.2d 371 (9th Cir.1968), we interpreted a virtually identical provision in the 1956 Treaty of Friendship, Commerce and Navigation between the United States and Germany. We held that it did not confer original jurisdiction on the federal courts under § 1331(a). *Id.* at 372. As in *Buechold,* we conclude that the 1956 treaty with Korea does not confer original jurisdiction on the federal courts, but rather provides only that Korean nationals be allowed to bring suit on the same terms as United States citizens. *See id.* Because United States citizens must satisfy complete diversity to sue in federal court under § 1332(a), requiring Plaintiffs–Appellants to do the same is not inconsistent with the treaty.

For the foregoing reasons, we affirm the order of the district court dismissing Plaintiffs–Appellants' suit for lack of subject matter jurisdiction.

AFFIRMED.